a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WARREN T. GREEN,<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-756-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| JACQUE DERR, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Warren T. Green (#352460) ("Green"). Green was granted leave to proceed *in forma pauperis*. (Doc. 8). Green is a pretrial detainee at the Jackson Parish Detention Center in Jonesboro, Louisiana. Green complains that he was wrongfully arrested and incarcerated for failing to register as a sex offender. (Doc. 5, p. 4). Green seeks monetary damages, the dismissal of charges, and a release from jail.

Because Green's criminal charge of failing to register remains pending in state court, his § 1983 claim for damages should be stayed pending the outcome of the criminal proceeding. Green's request for the dismissal of criminal charges and his release from custody should be dismissed, as such relief is not available under § 1983.

I.  **Background**

Green alleges that he "checked in with Deputy Fitzgerald" to update his sex offender registry information. (Doc. 5, p. 3). Green returned three days later to pay certain fees and sign a contract. (Doc. 5, p. 3). Three months later, Green was arrested by Detective Kelly Fannin for failing to register as a sex offender. Green

complains that parole officer Danny Green ignored his urgings to review Green's contract. Green alleges his arrest was without probable cause because Judge Derr "ignored the facts" when signing the warrant. (Doc. 5, p. 3).

Green complains that, after speaking with his attorney, Detective Kelly Fannin informed Green that he was being charged with distribution of hydrocodone. (Doc. 5, p. 4). Detective Fannin did not advise Green of his Miranda rights, and ignored Green's request to speak with his attorney. Eventually, Fannin placed Green "in the hole." Fannin advised Green he was being charged with distribution of hydrocodone and resisting an officer. (Doc. 5, p. 5).

In his original complaint, Green states that some charges were dropped, but he does not specify which charges. Green was ordered to amend his complaint to state which charges were dismissed and which remain pending.

In his amended complaint, Green does not mention the dismissal of any charges. Green reiterates that he was arraigned and incarcerated for distribution of hydrocodone and failing to register as a sex offender. Green claims his arrest and detention for failing to register as a sex offender are unlawful, as he is not required to register.

## II. Law and Analysis

### A. Green's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Green is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See

Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Because Green is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Green's claim for damages should be stayed.

Green claims that his arrest and detention for failing to register as a sex offender are unlawful because he is not required to register. In Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), the Supreme Court held that "a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question." Id. A § 1983 claim falls under the rule of Heck only when a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence. See Wallace v. Kato, 549 U.S. 384, 393 (2007).

The Heck rule does not apply to pending criminal charges. See id. at 393-94. If a plaintiff files a claim of unlawful arrest before he has been convicted, or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court to stay the civil action until the criminal case has ended. See id.

3

If Green is convicted of failure to register, an award of damages would imply the invalidity of that conviction. Thus, Green's claim should be stayed pending the outcome of his criminal proceeding.

### C. Green cannot obtain a release from custody or the dismissal of charges under § 1983.

Green's request for the dismissal of a criminal charge and his release from custody should be dismissed. Such relief is not available in a civil rights action. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). A release from custody must be sought in a habeas corpus action. Since Green attacks the lawfulness of a pending state criminal charge, his remedy, if any, is afforded by 28 U.S.C. § 2241. See Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998); Robinson v. Wade, 686 F. 2d 298, 302–03 (5th Cir. 1982).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Green's request for the dismissal of pending criminal charges and a release from custody be DENIED and DISMISSED with prejudice under § 1915(e)(2)(b) and § 1915A. Additionally, IT IS RECOMMENDED that Green's claim for damages for his allegedly unlawful arrest and imprisonment be STAYED pending the outcome of his criminal proceedings, in accordance with the following conditions:

    a.    Within 30 days of the date the state court criminal proceedings have concluded, Green SHALL FILE a motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit. See Wallace v. Kato, 549 U.S. 384 (2007).

    b.    If the criminal proceedings are not concluded within six months from the date of this order, Green SHALL FILE a status report indicating the

      expected completion date of the proceeding. Additional status reports shall be filed every six months thereafter until the stay is lifted.

    c.    In light of the stay, Green SHALL NOT file any more documents in this action until the state court proceedings have concluded.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __27th__ day of February, 2018.

                                              Joseph H.L. Perez-Montes
                                              United States Magistrate Judge